UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,  )
       Plaintiff,  ) NO. **CR-10-2012-LRS**
    )
    ) **MEMORANDUM OPINION**
    ) **RE SENTENCING**
   v.  )
    )
LUIS ALBERTO SOTO,  )
       Defendant.  )
_____  )

**I. BASE OFFENSE LEVEL**

    Defendant contends his prior conviction for second degree escape under RCW 9A.76.120(1)(a) is not a "crime of violence." "Crime of violence" is defined in relevant part as "otherwise involv[ing] conduct that presents a serious potential risk of injury to another." Application Note 1 to U.S.S.G. §2K2.1, citing U.S.S.G. §4B1.2(a)(2).

    The parties agree that second degree escape is not categorically a "crime of violence" because on its face, it encompasses "walkaway" escapes where there is no risk of physical confrontation between an inmate and correctional institution staff.[1] Defendant contends that is the end of the inquiry. According to Defendant,

---

[1] *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143 (1990), sets forth the categorical approach which "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense."

**MEMORANDUM OPINION -**    **1**

the modified categorical approach cannot apply because the particular elements of the crime of conviction (second degree escape) are not broader than the generic crime (conduct that presents a serious potential risk of injury to another). Defendant says this is due to the fact that a conviction for second degree escape requires no finding that there was an actual risk, such as is the case where there is a "walkaway" escape. Defendant cites two Ninth Circuit court decisions in support of his analysis, *Navarro-Lopez v. Gonzalez*, 503 F.3d 1063 (9th Cir. 2007), and *United States v. Jennings*, 515 F.2d 980 (9th Cir. 2008).

The Government relies on a Ninth Circuit decision which preceded both *Navarro-Lopez* and *Jennings*. In *United States v. Savage*, 488 F.3d 1232 (9th Cir. 2007), the Ninth Circuit held the defendant's felony escape conviction was not categorically a "crime of violence" because the Montana escape statute did not differentiate between violent and non-violent escapes and included escapes that "run [] the gamut from maximum-security facilities to non-secure halfway houses." The court went on, however, to employ the modified categorical approach to conclude defendant's particular felony escape conviction was a "crime of violence" because the charging document and the transcript of defendant's plea allocution made it clear he was convicted for escaping from a jail, rather than from a facility that allowed its residents privileges of ingress and egress. In other words, it was not a "walkaway" escape.[2] Relying on similar documents in the case at bar, the charging document and a transcript of the plea allocution, the Government observes that Defendant acknowledged escaping from the Yakima

---

[2] Under the modified categorical approach, the court considers whether any of a limited set of specific documents, including "the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment," show the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence. *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003).

**MEMORANDUM OPINION -**     2

County Jail through a hole he and other inmates had made in a ceiling.  Thus, it was not a "walkaway" escape.

*Savage* is still technically good law within the Ninth Circuit.  It has not been distinguished or overturned by any subsequent Ninth Circuit decision.  Reliance on *Savage* alone would compel a conclusion under the modified categorical approach that Defendant's second degree escape conviction is a "crime of violence."  That said, no subsequent Ninth Circuit case has analyzed whether an escape statute would be subject to the modified categorical analysis per the rulings in *Navarro-Lopez* and *Jennings*.  *Jennings* supports the Defendant's argument that the modified categorical approach cannot be used.  *Jennings*, although not involving felony escape, has some compelling similarities to the instant case.  At issue in *Jennings* was whether the defendant's conviction for attempting to elude a pursuing police vehicle under RCW 46.61.024 qualified as a "crime of violence" under 18 U.S.C. Section 924(e)(2)(B)(ii), defined to include, like U.S.S.G. §4B1.2(a)(2), conduct that "otherwise . . . presents a serious potential risk of injury to another."  After finding that this was not categorically a "crime of violence," the circuit, relying on *Navarro-Lopez*, went on to conclude the modified categorical approach could not be used with regard to RCW 46.61.024.  The circuit found that because RCW 46.61.024 did not require the defendant's conduct to pose any actual danger or create serious risk of harm to anyone, it was missing an element of the generic crime ("otherwise . . . presents a serious potential risk of injury to another" under 18 U.S.C. Section 924(e)(2)(B)(ii)).  Defendant Jennings was not convicted of all the elements of a generic violent felony because his conviction under RCW 46.61.024 did not require any finding that he presented a serious potential risk of injury to another.  The circuit noted that even if Jennings made certain admissions that his conduct presented a serious potential risk of injury to another, "those admissions could not be used to modify the crime because they were not necessary for a conviction." 515 F.3d at 993,

**MEMORANDUM OPINION -**     3

quoting *Navarro-Lopez*, 503 F.3d at 1073.

The undersigned believes the *Jennings* panel would come to the same conclusion in the instant case regarding Defendant's conviction for second degree escape. *U.S. v. Tucker*, ___ F.3d. ___, 2011 WL 1441865 (9th Cir. 2011), does not persuade to the contrary and appears consistent with *Jennings*. In *Tucker*, it was permissible to use the modified categorical approach because the statute under which the defendant was convicted, N.R.S. 200.508 "Abuse, neglect, or endangerment or child," contains statutory phrases covering several different generic crimes, some of which require violent force and some which do not. *Id*. at *12, citing *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 1273 (2010). This is not the case with RCW 9A.76.120, escape in the second degree, which contains no phrases requiring use of violent force or risk of injury, and simply requires that a person "knowingly escapes from a detention facility," "knowingly escapes from custody," or "knowingly leaves or remains absent from the state of Washington without prior court authorization."

Accordingly, Defendant's conviction for escape in the second degree cannot be deemed a "crime of violence" and his Base Offense Level is 20, U.S.S.G. §2K2.1(a)(4)(A), instead of 24, §2K2.1(a)(2).

## II. ENHANCEMENTS

Defendant contends that application of the two level enhancement for the firearm being stolen, U.S.S.G. §2K2.1(b)(4)(A), and application of the four level enhancement for his possessing the firearm in connection with another felony offense, residential burglary, U.S.S.G. §2K2.1(b)(6), constitutes impermissible "double counting." Defendant contends both of these enhancements address the same harm (the stealing of the firearm) and since that harm is fully accounted for in the two level enhancement, the four level enhancement should not be applied.

Application Note 14(A) to U.S.S.G. §2K2.1 states that subsection (b)(6)

**MEMORANDUM OPINION -    4**

applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." Application Note 14(B)(i) states that subsection (b)(6) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with the firearm." That is precisely the situation here. Decisions from the Eleventh Circuit have rejected the "double counting" argument. *United States v. Young*, 2009 WL 2038624 (11th Cir. 2009)("[T]wo level increase . . . for possessing a stolen gun does not account for the harm involved in possessing a gun in the course of burglarizing a dwelling. Possessing a stolen gun is one thing. But possessing a stolen gun that one obtains by burglarizing a dwelling is quite another. And the guidelines reflect that difference"); *United States v. McClure*, 2010 WL 3605788 (11th Cir. 2010)("[T]he kind of harm accounted for under §2K2.1(b)(6), possession of a firearm during a burglary, is conceptually distinct from the notion that a defendant should be punished more severely for possessing a firearm that was stolen"). There is also a Tenth Circuit decision which has rejected the "double counting" argument. *United States v. Blackbourn*, 2009 WL 2952146 (10th Cir. 2009).

    Strictly as a guideline matter, this court is compelled by Application Note 14(B)(i) to apply the four level enhancement provided for by §2K2.1(b)(6) and obviously, because the firearm was stolen, the two level enhancement provided for by U.S.S.G. §2K2.1(b)(4)(A). The court concludes, however, that the enhancements overstate the seriousness of Defendant's offense, considering the particular factual circumstances of that offense. This has been taken into account in the court's analysis of the factors under 18 U.S.C. Section 3553(a).

    Defendant's Total Offense Level is 26. With a three level reduction for acceptance of responsibility, U.S.S.G. 3E1.1, his Final Offense Level is 23.

///

///

**MEMORANDUM OPINION -**     5

## III. CRIMINAL HISTORY CATEGORY

Defendant objects to the assessment of one criminal history point for his July 9, 2003 conviction in Toppenish Municipal Court for "Fail To Deliver Leased Personal Property." The Washington State Judicial Information System lists the statute of conviction as RCW 9.45.062. This statute, however, was repealed in 1997, which was before the Defendant was charged in December 2000 for "Fail To Deliver Leased Property." Effective July 1, 2004, the Washington legislature enacted RCW 9A.56.096, "Theft of rental, lease, lease-purchased, or loaned property" which is similar to RCW 9.45.062, but not identical.

Because at the time he was charged and convicted in Toppenish Municipal Court for "Fail To Deliver Leased Personal Property," there was no existing state law which criminalized that offense (RCW 9.45.062 had been repealed in 1997 and RCW 9A.56.096 had yet to become effective), a criminal history point should not be assessed for this conviction. The only conclusion that can be reached is the Defendant was convicted of a local ordinance. Local ordinance violations are not to be counted unless they are also violations of state law, U.S.S.G. §4A1.2(c)(2). Defendant could not violate state law which did not exist at the time of his conviction in July 2003.

The elimination of this criminal history point reduces the number of Defendant's total criminal history points to 12 and places him in Criminal History Category V. The resulting guideline range based on a Final Offense Level of 23 is 84-105 months.

The District Court Executive shall provide copies of this memorandum opinion to counsel and to the U.S. Probation Office.

**DATED** this ___14th___ day of June, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**MEMORANDUM OPINION -      6**